IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OTIS ARRINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **05-162-JLF** |
| | ) | |
| **C/O GOLDBERRY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

A review of the record reveals that plaintiff's amended complaint (Doc. 11) adds three new defendants, Jane Doe, John Doe and Lt. Schuler. Because plaintiff is proceeding as a pauper pursuant to 28 U.S.C. § 1915, the U.S. Marshall is responsible for effecting service upon the newly added defendants, as well as defendant Goldberry, who was named in the original complaint.

Plaintiff has submitted a USM-285 service forms for named defendants Goldberry and Schuler; therefore, the U.S. Marshal will be directed to effect service upon them. Plaintiff has also submitted USM-285 service forms for "Dr. Joy Baker," "Adjustment Committee Member," and "Chairman of Adjustment Committee," who are not named defendants. Of course, "Adjustment Committee Member" and "Chairman of Adjustment Committee" are insufficiently identified, even if they were named defendants. If plaintiff desires to, for example, substitute Dr. Joy Baker of "Jane Doe," or add additional defendants, he must file an amended complaint. Service shall not be made on the Unknown (John Doe) Defendants until such time as plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.

Plaintiff is **ADVISED** that it is plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

      **IT IS THEREFORE ORDERED** that:

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants **C/O Goldberry and Lt. Schuler**.  The Clerk shall forward those forms, USM-285 forms submitted by plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue and serve process on defendants **C/O Goldberry and Lt. Schuler** in the manner specified by Fed. R. Civ. P. 4(d)(2).  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Order.  For purposes of computing the passage of time under Rule 4(d)(2), Form 1A is to be "issued" (dated) as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).  With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by the plaintiff, the Department of

    Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

    Plaintiff is **ORDERED** to serve upon every defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

    **IT IS SO ORDERED.**

    DATED: February 8, 2006                    s/ Clifford J. Proud
                                                            **CLIFFORD J. PROUD**
                                                            **U. S. MAGISTRATE JUDGE**