IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OTIS ARRINGTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **05-162-JLF** |
| ) | |
| **C/O GOLDBERRY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

In accordance with Federal Rule of Civil Procedure 56(b), defendants Jerry Goldsberry and Harold Schuler are before the Court seeking summary judgment in this civil rights action. **(Docs. 24 and 25).** This Report and Recommendation is respectfully submitted to United States District Judge James L. Foreman pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

The amended complaint **(Doc. 11)** alleges that while plaintiff Otis Arrington was incarcerated at Big Muddy River Correctional Center his Eighth Amendment right not to be subjected to cruel and unusual punishment, and his Fourteenth Amendment right to due process were violated. More specifically, plaintiff contends defendant Correctional Officer Goldsberry filled up plaintiff's ice bucket on July 18, 2004, and then asked plaintiff if he "wanted a shower;" when plaintiff replied "yes," Goldsberry threw the remaining ice and water in the 'scoop' in plaintiff's face, laughed and slammed the cell door shut. **(Doc. 11, p. 4; Doc. 25, Exhibit A, Plaintiff's Deposition, pp. 6-7).** Defendant Lieutenant Schuler, an Internal Affairs officer, interviewed plaintiff and then placed him in segregation under "investigation status." **(Doc. 11, p. 4; Doc. 25, Exhibit A, Plaintiff's Deposition, pp. 7-8).** Plaintiff complains that he was never

told what he was under investigation for, and charges were never filed against him that would warrant placement in segregation.  **(Doc. 4, pp. 4-5; Doc. 25, Exhibit A, Plaintiff's Deposition, pp. 8-9).**  According to plaintiff, he remained in segregation until August 4, 2004, when he was transferred to Dixon Correctional Center— four of those days he was in a strip cell on suicide watch.  **(Doc. 11, p. 5; Doc. 25, Exhibit A, Plaintiff's Deposition, p. 10).**  Plaintiff does acknowledge appearing before the Adjustment Committee for an "investigative review appearance."  **(Doc. 25, Exhibit A, Plaintiff's Deposition, p. 9).**  According to plaintiff's deposition, he suffered unspecified "physical injuries," and he has been "emotionally scarred."  **(Doc. 25, Exhibit A, Plaintiff's Deposition, p. 7).**

      Defendants argue that they are entitled to summary judgment because:

>(1) Defendant Goldberry's actions did not constitute cruel and unusual punishment, as only a de minimis use of force was involved;
>
>(2) In accordance with 42 U.S.C. § 1997e(e), plaintiff may not recover for mental or emotional injuries without a showing of physical injury;
>
>(3) Defendant Schuler did not interfere with a protected liberty interest when he placed plaintiff in segregation; and
>
>(4) Defendants Goldsberry and Schuler are both entitled to qualified immunity because neither of them violated a clearly established constitutional right.

**(Doc. 25).**

      Plaintiff's response **(Doc. 28)** and the defendants' reply **(Doc. 29)** generally reiterate their positions.  Plaintiff relies on the virtually uncontroverted facts, and defendants rely on the narrow scope of the Eighth and Fourteenth Amendments.

## Legal Standard for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see also Celotex Corp. v. Catrett*, **477 U.S. 317 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson*, **477 U.S. at 247**), or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986))**." "[S]ummary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." *Morgan v. Harris Trust and Savings Bank*, **867 F.2d 1023, 1026 (7th Cir. 1989).**

## Analysis

**The Underlying Facts**

Defendant Goldsberry does not dispute plaintiff's allegations regarding the "shower" incident **(Doc. 16, p. 2)**, but he now explains that it was all a "simple joke," meant to "ease the tension of being on lockdown on an extremely hot day" **(Doc. 25, p. 3)**. Similarly, defendant Schuler does not dispute that he interviewed plaintiff on July 23, 2004, and placed him in segregation on investigative status. **(Doc. 20, p. 2).** Schuler explains that it is standard practice to place an inmate who alleges he was assaulted by staff to be placed in segregation on investigative status for safety and security reasons, and the staff member involved is placed on the inmate's "keep-separate-from list." **(Doc. 25, p. 3).** There appears to be no dispute that plaintiff was held in segregation for approximately two weeks without any "charges" being lodged against him– because, as plaintiff stresses, *he* had done nothing wrong. Thus, this Court concludes that there are no questions of material fact in dispute, except perhaps defendant Goldsberry's mens rea. Goldsbery asserts he had no ill motive. In contrast, plaintiff states that, even though it is not clear to him why Goldsberry threw water on him, it is up to the jury to determine whether Goldsberry's current explanation is true. **(Doc. 28, p. 4).**

For reasons explained below, this Court concludes that there are no material questions of fact that would preclude summary judgment on either claim. Both claims fail as a matter of law, based on the aforementioned undisputed facts.

**The Eighth Amendment Claim**

In *Outlaw v. Newkirk*, 259 F.3d 833 (7th Cir. 2001), the Court of Appeals for the Seventh Circuit, drawing from *Hudson v. McMillian*, 503 U.S. 1 (1992), summarized the legal principles applicable to excessive force claims:

> The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits the "unnecessary and wanton infliction of pain" on prisoners. In cases involving the claimed use of excessive force, "the core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." In conducting this inquiry, a court must examine a variety of factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reason ably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." With regard to the last of these factors, while a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, "a claim ordinarily cannot be predicated on a de minimis use of physical force." Indeed, "the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Therefore, not every "malevolent touch by a prison guard" gives rise to a federal cause of action, even if the use of force in question "may later seem unnecessary in the peace of a judge's chambers."

**Outlaw, 259 F.3d at 837-838 (internal citations omitted).**

There is no dispute that the force involved in the scenario at bar was unprovoked and unnecessary; it had nothing to do with restoring discipline, or any other justifiable basis for the use of force. Even if the force was inflicted maliciously and sadistically, there was clearly only a de minimis use of force, and the amount of *possible* harm from being struck by the remaining ice and water from the just-emptied ice scoop was also de minimis. There is no cause to believe that Correctional Officer Goldsberry perceived plaintiff to be like the Wicked Witch of the West in *The Wizard of Oz*, who melted away when doused with a bucket of water. Moreover, in *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994), the Court of Appeals concluded that intentionally throwing an entire bucket of water over a prisoner's head was a de minimis use of force outside the ambit of Eighth Amendment protection. Like the appellate court in *Lunsford*, this Court does not advocate or condone the defendant's conduct, but must recognize that such minor, malevolent uses of force are not repugnant to the conscience of mankind. **Id., 17 F.3d at**

1582.  Therefore, defendant Goldsberry is entitled to summary judgment on plaintiff's Eighth Amendment claim.

### The Fourteenth Amendment Claim

There is no dispute that plaintiff did nothing wrong before being placed in segregation under "investigative status."  Nevertheless, plaintiff infers that he was under investigation for doing something wrong.  Accordingly, he takes issue with the fact he was in segregation without any disciplinary charges having been lodged.

In any event, placement in segregation (even with a disciplinary charge) and transfer do not automatically raise due process concerns.  ***See generally Hoskins v. Lenear*, 395 F.3d 372, 373 (7th Cir. 2005) (citing *Sandin v. Conner*, 515 U.S. 472 (1995), regarding disciplinary segregation; *Thomas v. Ramos*, 130 F.3d 754 (7th Cir. 1997), regarding temporary segregation under investigative status; and *Cochran v. Buss*, 381 F.3d 637 (7th Cir. 2004), regarding transfer).**  A prisoner has no constitutionally protected liberty interest in remaining in the general prison population.  *Hewitt v. Helms*, 459 U.S. 460, 467-468 (1983).  And, "a prisoner may be transferred for any reason, or for no reason at all."  *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988).

> [A] prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In the absence of such "atypical and significant" deprivations, the procedural protections of the Due Process Clause will not be triggered.

*Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995)).  In fact, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Count found

no liberty interest protecting a month-long assignment in segregation.

The Court of Appeals for the Seventh Circuit has reasoned:

> Indeed, taking *Sandin*'s prescribed comparisons to their logical extremes, it is possible that the conditions of discretionary segregation against which the plaintiff's confinement is to be judged are not necessarily those of the prison in which the plaintiff is incarcerated, but rather those of the most restrictive prison in the state penal system . . . and perhaps even those of the most restrictive in the entire country.

***Lekas*, 405 F.3d at 609 (multiple citations to *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) and parenthetical quotations omitted).** Accordingly, the Court of Appeals for the Seventh Circuit recently stated, " "being placed in segregation is too trivial an incremental deprivation of a convicted person's liberty to trigger the duty of due process." ***Holly v. Woolfolk*, 415 F.3d 678, 679-680 (7th Cir. 2005).** Plaintiff has not specifically alleged that the conditions in segregation were atypical, particularly when plaintiff was in segregation for a relatively brief period– less than the 30-day stint involved in *Sandin*. **(*See* Docs. 11 and 28).** On that basis alone, defendant Schuler should be granted summary judgment.

The Court further notes that the Eighth Amendment obligates prison officials to take reasonable measures to protect inmates from any substantial risk of serious harm. ***Farmer v. Brennan*, 511 U.S. 825, 828 and 847 (1994).** Thus, plaintiff's complaint that he had been assaulted by Correctional Officer Goldsberry triggered a constitutional obligation to protect plaintiff. In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court stated, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." ***Id.*, 441 at 547.** "'Such considerations are peculiarly

within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.' " ***Id*.**, **441 at 547-548 (internal citation omitted).** Placing plaintiff in segregation under investigatory status for two weeks without further process is undoubtedly a proportionate, reasonably appropriate response. Again, defendant Schuler should be granted summary judgment.

### Qualified Immunity

Qualified immunity generally shields government officials performing discretionary functions from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. **Baxter v. Vigo County School Corp., 26 F.3d 728, 737 (7th Cir. 1994).** The plaintiffs bear the burden of establishing the existence of a clearly established constitutional right in relation to the specific facts confronting the public official when he acted. **Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988).** Plaintiff has not offered any cases that establish that defendant Goldsberry's or defendant Schuler's conduct falls under the ambit of any clearly established constitutional rights. In contrast, the cases cited above in the Court's analysis of plaintiff's claims make clear that their conduct does not offend any constitutional rights. Therefore, the defendants are both entitled to qualified immunity, and therefore summary judgment.

### Physical Injury

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  **42 U.S.C. § 1997e(e).**  In his deposition, plaintiff asserted defendant Goldsberry's throwing ice and water on him caused "physical injuries," but he did not elaborate.  Plaintiff also asserted that he was "emotionally scarred," but he did not elaborate.  Defense counsel did not probe further.  Therefore, defendants have not carried their burden on this issue.  Therefore, if defendants are not granted summary judgement, the issue of what physical injuries were sustained would remain.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants Goldsberry and Schuler's motion for summary judgment **(Doc. 24)** be **GRANTED IN PART AND DENIED IN PART**.  More specifically, it is recommended that: (1) defendant Goldsberry be granted summary judgment on plaintiff's Eighth Amendment excessive force claim; (2) defendant Schuler be granted summary judgment on the Fourteenth Amendment due process claim; and (3) both defendants be granted summary judgment based on their qualified immunity. If both defendants are granted summary judgment, final judgment should enter concluding this action.  In the event the defendants are not granted summary judgment, this Court recommends the defendants' motion for summary judgment relative to the recovery of damages for physical, mental or emotional damages be denied.

DATED: December 8, 2006                     s/ Clifford J. Proud
                                                                                                                       **CLIFFORD J. PROUD**
                                                                                                                       **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

   In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **December 26, 2006**.